**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                      Criminal No. 08-mj-59-1-JM

<u>Gerard Joseph Latulippe</u>

**O R D E R**

On June 3, 2008, Gerard Joseph Latulippe was provisionally arrested pending submission of a formal request for extradition from the Republic of Costa Rica. On June 4, after the initial appearance, a bail hearing was held. Bail was denied pending extradition.

On June 28, Mr. Latulippe requested bail or an expedited hearing, seeking release based upon his deteriorating health due to stage 3 anal-rectal carcinoma, as well as errors in the previous detention order. The United States opposes bail.

Mr. Latulippe's present detention is based on Article 11 ¶ 3 of the Extradition Treaty Between the Government of the United States of America and the Government of the Republic of Costa Rica, signed on December 4, 1982, and entered into force on October 11, 1991. S. Treaty Doc. 98-17. Mr. Latulippe has been

charged in Costa Rica with counts of fraud, in violation of Article 216 of the Criminal Code of Costa Rica. The amount involved in the fraud totals over $1.5 million. An arrest warrant was thus issued by a criminal court judge of the First Judicial Circuit of San Jose, Costa Rica on September 27, 2006. Since Mr. Latulippe was arrested on June 3, 2008, his provisional detention expires *ex propio vigore* on August 3, 2008. See U.S.-Costa Rica Extradition Treaty, Art. 11 ¶ 4.

Mr. Latulippe first learned of his medical condition on March 11, 2008 at Celebration Hospital in Florida. Sometime during April 2008, he had another consultation in Exeter, New Hampshire. In either May or June, Mr. Latulippe made contact with Dr. Ernest G. Hope of California.[1] To date, Mr. Latulippe has not received any treatment for his condition. Mr. Latulippe would like to be released to seek the treatment of his choosing, with Dr. Hope in California. Specifically, Mr. Latulippe would like to pursue immunotherapy treatment called Cellular Intravascular Targeting Agent, see Ex. A, as proposed by Dr. Hope. The treatment has the sole purpose of strengthening the

---

[1] Dr. Hope is Chairman of the Red Cliff Holding Concierge Medical Services, Western U.S. Office, which is a business affiliate of the Cellular Cancer Treatment Centre Hamburg GmbH located in Hamburg, Germany. See Ex. F.

immune system with the intention that the body's immune system would then act to cure the condition.  See Ex. F, ¶ 2.6.  This course of treatment, however, does not offer any certain cure that Mr. Latulippe cannot receive in custody.  The fact that a particular treatment, available in some places, is not available to Mr. Latulippe during his detention does not create a special circumstance that would exempt him from the presumption of detention in this instance.  As a ward of the United States Marshal, Mr. Latulippe is expected to receive reasonably necessary medical treatment for his cancer, which is being offered to him at the Wentworth-Douglas Hospital in Dover, New Hampshire, and which entails chemo-radiation and surgery.

   Mr. Latulippe's physical condition, while serious, is insufficient to require this court to set conditions of release pending a formal request for extradition.  There is a strong presumption against bail in extradition cases.  See e.g., Beaulieu v. Hartigan, 554 F.2d 1, 2 (1st Cir. 1977); In re Extradition of Koskotas, 127 F.R.D. 13, 17 (D. Mass. 1989).  However, special circumstances may justify bail pending extradition.  See e.g., United States v. Zarate, 492 F. Supp. 2d 514, 515 (D. Md. 2007).  Without diminishing the portent of Mr.

Latulippe's cancer condition, and notwithstanding the valiant effort of counsel, I do not find that he has presented such a special circumstance which would lead to my being required to release him under the provisions of the extradition treaty.  See Treaty, Art. 12.[2]

In conclusion, I find that the affidavit of Assistant United States Attorney Robert Kinsella is sufficient to trigger the provisional arrest and detention of Mr. Latulippe pending a full extradition hearing, see Treaty, Art. 11, ¶ 2, at which time, the government of Costa Rica will have to comply with the requirements of Art. 9, ¶¶ 1-6 of the treaty.  See 18 U.S.C. §3190.  There is nothing to add to the previous detention order of U.S. Magistrate Judge Muirhead.  Mr. Latulippe is provisionally detained pending his extradition hearing or until

---

[2] I do not address the substance of the Fourth, Fifth and Eighth Amendment issues presented at the hearing because a plain reading of the provisions of the treaty, as well as the legal framework of the previous detention order, provide the basis for my decision without my reaching the constitutional framework. See e.g. Factor v. Laubenheimer, 290 U.S. 276, 298 (1933).

August 3, 2008, if Costa Rica should not perfect its request by then.

**SO ORDERED.**

                                       /s/ Justo Arenas
                                       Justo Arenas
                                       United States Magistrate Judge

Date: July 3, 2008

cc:    Sven D. Wiberg, Esq.
       Robert M. Kinsella, Esq.